# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINA NUSS, on behalf of herself ) <br> and others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCOTCH INVESTMENT CORP., ) <br> ) <br> Defendant, ) <br> ) <br> ) | Case No. 09-1393-MLB |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to amend the complaint to allow Tricia Molina to assert a Title VII claim against defendant. (Doc. 23). Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED.

## Background

Christina Nuss, a former employee at defendant's restaurant, alleges that she was terminated after filing an EEOC complaint concerning (1) defendant's wrongful termination of pregnant co-workers and (2) a sexually hostile work environment. Nuss also alleges that defendant's wage payment practices violate the Fair Labor Standards Act (FLSA). Conditional class certification has been granted concerning Nuss's FLSA claim and Tricia Molina, also a former employee, has "consented to opt in" as a class member. (Doc. 21).

Tricia Molina separately filed a lawsuit against defendant alleging that she was denied re-employment because she was pregnant. (Case No. 10-1147-SAC, D. Kan., filed May 12, 2010). As noted above, plaintiff seeks leave to amend the complaint to add Molina's Title VII claim.

## Motion to Amend

Defendant asserts that plaintiff's motion, for practical purposes, is a request to consolidate Case No. 10-1147-SAC with this case. Defendant argues the motion should be denied because (1) there are no common questions of law or fact and (2) there is a significant risk of jury confusion regarding Nuss and Molina's Title VII claims. Plaintiff counters that common factual issues exist concerning defendant's policies related to the employment of pregnant female workers. For example, one former employee (Erica Pizzola) will testify in support of both Nuss and Molina's Title VII claims. Plaintiff also argues that the court is fully capable of managing the trial in a manner that avoids jury confusion.

The court is satisfied that plaintiff has made a sufficient showing of common factual issues between the two cases to justify "the amendment." Moreover, proceeding with two separate cases results in a waste of judicial resources with respect to discovery and case management.[1] Finally, the court has ample tools, through jury instructions or Fed. R. Civ.

---

[1] Judge Sebelius recognized the potential overlap in the two cases and deferred discovery pending a ruling in this case on plaintiff's motion to amend. Case No. 10-1147-SAC, Docket entry 6.

P. 42, to avoid any jury confusion or prejudice to defendant if the proposed amendment is allowed. The motion to amend is not otherwise untimely, prejudicial, or proposed in bad faith. Under the circumstances, the motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc 23)** is **GRANTED**. Plaintiff shall file and serve the amended complaint on or before **October 8, 2010.**[2]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of September 2010.

                                                                         S/ Karen M. Humphreys
                                                                         _____
                                                                         KAREN M. HUMPHREYS
                                                                         United States Magistrate Judge

---

[2] Judge Sebelius ordered the parties to submit (1) a stipulation of dismissal or (2) a "notice to proceed" within fourteen days of the ruling on the motion in this case. The parties shall notify Judge Sebelius of this ruling and submit the appropriate filing as ordered in Case No. 10-1147-SAC.